UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACEE MCKINNEY,<br><br>  Plaintiff,<br>v.<br>BANK OF AMERICA N.A.<br>  Defendants. | Civil No. 15cv0442 JAH (KSC)<br><br>**ORDER DISMISSING COMPLAINT PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)** |

Plaintiff Tracee McKinney, appearing *pro se*, originally filed a complaint along with an application to proceed *in forma pauperis* ("IFP") on February 27, 2015. Finding the complaint did not meet the requirements of Federal Rule of Civil Procedure 8, the Court dismissed the complaint without prejudice and denied the IFP motion as moot. In response, Plaintiff filed an First Amended Complaint on June 10, 2015. The Court again found Plaintiff failed to meet the requirements of Rule 8 and dismissed the complaint with leave to amend. Plaintiff filed a Second Amended Complaint ("SAC") asserting claims for deceit, concealment fraud, and negligent misrepresentation. See Doc. No. 10. Plaintiff also filed a motion to proceed IFP. See Doc. No. 11.

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400. See 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). See Rodriguez v. Cook, 169 F.3d 1176, 1177 (9th Cir. 1999).

Notwithstanding payment of any filing fee or portion thereof, a complaint filed by any person seeking to proceed IFP pursuant to 28 U.S.C. § 1915(a) is subject to a mandatory and *sua sponte* review and dismissal by the court to the extent it is "frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Calhoun v. Stahl, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc). 28 U.S.C. § 1915(e)(2) mandates that a court reviewing a complaint filed pursuant to the *in forma pauperis* provisions of section 1915 make and rule on its own motion to dismiss before directing that the complaint be served by the U.S. Marshal pursuant to Federal Rule of Civil Procedure 4(c)(3). Lopez, 203 F.3d at 1127.

In the SAC, Plaintiff alleges Defendant Bank of America, provided her a "misrepresented" transaction history report designed to mislead her about mortgage payments. SAC ¶ 1. She further alleges the escrow account showed an improper balance and the loan balance did not include additional principal payments she made. Id. ¶¶ 2, 3. She also alleges the closing costs were incorrect, she was never given required disclosures, several copies of the loan documents she was sent did not match, and the deed of trust showed an altered signature. Id. ¶¶ 4, 5.

Plaintiff's SAC fails to comply with Rule 8 of the Federal Rules of Civil procedure. Under Rule 8, a complaint "must contain (1) a short plain statement of the grounds for the court's jurisdiction...(2) a short and plain statement of the claim showing the pleader is entitled to relief; and (3) a demand for the relief sought." Rule 8 is designed to provide defendants with fair notice of the claims against them and the grounds on which those claims rest. McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991). Although Plaintiff includes a jurisdiction statement and a "short and plain statement" of her claims to provide Defendant fair notice of the claims, she fails include a prayer for relief as required.

Accordingly, IT IS HEREBY ORDERED:

1. The SAC is **DISMISSED without prejudice**.

2. If Plaintiff wishes to file a Third Amended Complaint to address the deficiencies noted above, she may do so **on or before November 9, 2015**.

3. Plaintiff's motion to proceed *in forma pauperis* is **DENIED as moot**.[1]

Dated: October 7, 2015

JOHN A. HOUSTON
United States District Judge

---

[1] If Plaintiff files a Third Amended Complaint, she must also either pay the filing fee or file a new motion to proceed IFP